## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **SUE F. BRADLEY**, | |
| Plaintiff, | **CIVIL ACTION NO.** |
| vs. | 3:07 CV 661-MHT |
| **GUIDANT CORPORATION, et al** | |
| Defendants. | |

## DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS
## IN THIS COURT PENDING TRANSFER TO MDL 1708

Defendants Guidant Corporation and Guidant Sales Corporation ("Defendants") hereby move this Court, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, to stay all proceedings, including but not limited (i) the time period for Defendants to answer or other respond to Plaintiff's complaint, (ii) the period for initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure, and (iii) other discovery and pretrial deadlines, pending the Judicial Panel on Multidistrict Litigation's ("JPML") decision regarding transfer of Plaintiff's claims against Defendants to MDL 1708.  In support of their motion, Defendants state:

1.     Plaintiffs' claims in this action arise out of a cardiac medical device allegedly manufactured by Defendant Guidant and implanted in Sue Bradley.  *See generally,* Complaint.

2.     Many other cases involving cardiac medical devices manufactured by Guidant have been filed in federal courts or removed to federal courts throughout the country.  On November 7, 2005, the Judicial Panel on Multidistrict Litigation ("JPML") established an MDL Court and began transferring cases involving these allegedly-defective cardiac devices to the United States District Court for the District of Minnesota for consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.  *See In re Guidant Corp. Implantable Defibrillators Products Liability Litigation,* (J.P.M.L. 2005) (transfer order) (Attached hereto as **Exhibit A**).  Among the primary purposes of consolidating these cases cited by the JPML was to conserve judicial resources and avoid inconsistent rulings.  *See id.* at 2.

3.     As set forth in the Memorandum of Law, filed contemporaneously with this Motion, proceedings involving claims such as those presented in this case are routinely stayed pending transfer to an MDL Court.  Since the MDL Court was created, more than 1800 cases have been transferred to the MDL Court, and more cases are in the process of being transferred.

4.    Defendants have notified the JPML that Plaintiff's claims against Defendants are appropriate for transfer to the MDL Court.  *See* Defendants' Seventy-fifth Notice of Potential Tag-Along Actions (attached as **Exhibit B**).  Defendants expect that the JPML will transfer this case promptly.

5.    A stay of all proceedings in this Court pending transfer is appropriate because such a stay will promote judicial economy and consistency.  Transfer of this case will permit the MDL Court to decide the many issues that are likely to arise in the many cases pending against Defendants throughout the country.

6.    A stay in this Court pending transfer to the MDL Court will not prejudice Plaintiff.  Once the case is transferred, the parties will be subject to a rigorous pretrial schedule.

7.    In support of this motion, Defendants rely on their brief in support of this motion and the following attached exhibits:

Exhibit A:    *In re Guidant Corp. Implantable Defibrillators Products Liability Litigation,* (J.P.M.L. 2005) (transfer order)

Exhibit B:    Seventy-fifth Notice of Potential Tag-Along Actions

Exhibit C:               Various National Orders Granting Stays

Exhibit D:               Various Alabama Orders Granting Stays


WHEREFORE, Defendants respectfully request that this Court enter an order staying all proceedings in this Court, including but not limited to, any deadline for an answer or other response to the complaint, the period for initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure, and other discovery and pretrial deadlines pending transfer of the above-captioned case to the MDL Court.


s/ Andrew B. Johnson
One of the Attorneys for Defendants
Guidant Corporation and Guidant
Sales Corporation


OF COUNSEL:

Fred M. Haston, III (HAS012)
Andrew B. Johnson (JOH168)
Bradley Arant Rose & White LLP
1819 Fifth Ave. North
Birmingham, Alabama 35203
(205) 521-8000
(205) 521-8810 (fax)
thaston@bradleyarant.com
ajohnson@bradleyarant.com

-4-

<u>CERTIFICATE OF SERVICE</u>

        I hereby certify that on July 24, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas J. Knight           Michael K. Wright
Hubbard & Knight          Starnes & Atchison
1125 Noble Street           P.O. Box 598512
P.O. Box 1850             Birmingham, Alabama 35259-8512
Anniston, AL 36201

Steven R. Morris
108 South Main Street
P.O. Box 814
Wedowee, Alabama 36278-0814

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

        None.

                Respectfully submitted,

                s/ Andrew B. Johnson

                Bradley Arant Rose & White LLP
                One Federal Place
                1819 Fifth Avenue North
                Birmingham, AL 35203-2104
                Telephone: (205) 521-8000
                Facsimile: (205) 521-8800
                E-mail: ajohnson@bradleyarant.com

11/07/2005 11:57 FAX 2025024833         JPML                                    ☒002

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 7 2005

*RELEASED FOR PUBLICATION*                FILED
                                      CLERK'S OFFICE

*DOCKET NO. 1708*

## *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE GUIDANT CORP. IMPLANTABLE DEFIBRILLATORS PRODUCTS LIABILITY LITIGATION*

## *BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

### *TRANSFER ORDER*

This litigation currently consists of two actions in the District of Minnesota and one action each in the Central District of California, Southern District of Florida, Southern District of Indiana and Eastern District of New York as listed on the attached Schedule A.[1] Before the Panel are two motions, pursuant to 28 U.S.C. § 1407, that taken together seek centralization for coordinated or consolidated pretrial proceedings of the six actions. Plaintiff in one District of Minnesota action and plaintiff in the Southern District of Indiana action both seek centralization in the district in which their respective actions are pending. Defendants Guidant Corp., Guidant Sales Corp., and Cardiac Pacemakers, Inc. (collectively Guidant) initially opposed the motions, but now agree that centralization is warranted; however, the defendants propose the Northern District of Illinois as transferee district. Plaintiffs in all actions before the Panel agree that centralization is appropriate, as do plaintiffs in numerous potential tag-along actions, but some responding plaintiffs suggest transferee districts other than those proposed by the movants and Guidant, including the Northern District of California, Southern District of Florida, Eastern District of New York, Northern District of Ohio, and Eastern District of Pennsylvania, among others.

On the basis of the papers filed and hearing session held, the Panel finds that these six actions involve common questions of fact, and that centralization under Section 1407 in the District of Minnesota will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share allegations that certain implantable defibrillator devices manufactured by Guidant were defective and caused injury, or the threat of injury, to the plaintiffs and putative class members. Plaintiffs in some potential tag-along actions also bring claims related to pacemakers manufactured by Guidant. All devices at issue in these actions have been the subject of

---

[1]  The Panel has been notified of over 60 potentially related actions pending in multiple federal districts. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).



EXHIBIT

A

- 2 -

written warnings, medical advisories, recalls, or some combination thereof. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Given the varied locations of parties and witnesses in this docket and the geographic dispersal of pending actions, it is clear that a wide array of suitable transferee districts presents itself. In concluding that the District of Minnesota is an appropriate forum for this docket, we observe that this district, where at least ten actions are already pending before one judge, is a geographically central, metropolitan district equipped with the resources that this complex products liability litigation is likely to require. The District of Minnesota also has a nexus to this docket given the location there of key Guidant facilities involved in the development and manufacturing of the relevant devices.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Minnesota are transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Donovan W. Frank for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

<u>MDL-1708 — In re Guidant Corp. Implantable Defibrillators Products Liability Litigation</u>

### Central District of California

*Joseph Gabriele v. Guidant Corp.*, C.A. No. 5:05-487

### Southern District of Florida

*Eugene Clasby v. Guidant Corp.*, C.A. No. 1:05-21485

### Southern District of Indiana

*John Brennan v. Guidant Corp., et al.*, C.A. No. 1:05-827

### District of Minnesota

*Edith Walker v. Guidant Corp.*, C.A. No. 0:05-1141
*Darci L. Munson v. Guidant Corp., et al.*, C.A. No. 0:05-1153

### Eastern District of New York

*Larry Wenig, et al. v. Guidant Corp., et al.*, C.A. No. 2:05-2822



**Shook,
Hardy&
Bacon** L.L.P.
www.shb.com

July 23, 2007

**Karen V. Mesmer**

Denise Morgan-Stone
Judicial Panel on Multidistrict Litigation
One Columbus Circle, NE
Thurgood Marshall Federal Judiciary Building
Room G-255, North Lobby
Washington, DC 20002-8004

2555 Grand Blvd.
Kansas City
Missouri 64108-2613
816.474.6550
816.421.5547 Fax
kmesmer@shb.com

Re: **MDL -1708 - In Re: Guidant Corp. Implantable Defibrillators Products
Liability Litigation**

Dear Mrs. Morgan-Stone:

Enclosed please find the original of Defendants' Seventy-fifth Notice of Potential Tag-
Along Actions for filing. We have also enclosed the docket sheets for each case tagged.
If you have any questions or concerns, please feel free to contact us.

Thank you for your attention to this matter.

Sincerely,

*Karen Mesmer*

Karen V. Mesmer
Senior Analyst-KC

KKC:jmw
Enclosures

cc:    Attached Counsel List

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.

**EXHIBIT**

**B**

2555549v1

**BEFORE THE JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

In re Guidant Corp. Implantable
Defibrillators Products Liability          **MDL No. 1708**
Litigation

## SEVENTY FIFTH NOTICE OF POTENTIAL TAG-ALONG ACTIONS

Pursuant to Rule 7.5(e) of the Rules of Procedure of the Judicial Panel on

Multidistrict Litigation, Defendants Guidant Corporation, Guidant Sales Corporation and

Cardiac Pacemakers, Inc. hereby respectfully notify the Clerk of the Panel of potential tag-along

actions as set forth below and state as follows:

1.     By Motion to Transfer dated June 14, 2005, Plaintiff Darcy Munson sought

consolidation and coordination of several actions as set forth in the Schedule of Actions attached

thereto.

2.     By Transfer Order dated November 7, 2005, the Panel ordered that the actions

subject to the Motion for Transfer be transferred to the District Court for the District of

Minnesota and assigned to the Honorable Donovan W. Frank for coordinated and consolidated

pretrial proceedings.

3.     The following potential tag-along actions, like those actions identified in the

original Schedule of Actions attached to Munson's Motion to Transfer, are pending in federal

courts and involve allegations of injuries from cardiac medical devices:

**ALABAMA**

- *Bradley, Sue vs. Guidant Corporation, et al;* Case No. 3:07-cv-661
  (USDC MD AL) removed on July 19, 2007;

- 1 -

**FLORIDA**

- *Dumke, Francis vs. Guidant Corporation, et al;* Case No. 6:07-cv-01171 (USDC MD FL) removed on July 13, 2007;

- *Kelly, Kristina vs. Guidant Corporation, et al;* Case No. 8:07-cv-01238 (USDC MD FL) removed on July 16, 2007;

**ILLINOIS**

- *Acton, Wilbur vs. Guidant Corporation, et al;* Case No. 3:07-cv-522 (USDC SD IL) filed on July 17, 2007;

- *Alexander, Edward vs. Guidant Corporation, et al;* Case No. 3:07-cv-518 (USDC SD IL) filed on July 17, 2007;

**INDIANA**

- *Thomas, Beth vs. Guidant Corporation, et al;* Case No. 1:07-cv-933 (USDC SD IN) filed on July 17, 2007;

**OHIO**

- *Reed, Walter vs. Guidant Corporation, et al;* Case No. 2:07-cv-679 (USDC SD OH) filed on July 17, 2007;

**NEW YORK**

- *Dodgson, Charles vs. Guidant Corporation, et al;* Case No. 07-cv-6311 (USDC SD NY) removed on July 10, 2007;

**NEW JERSEY**

- *Fine, Irwin vs. Guidant Corporation, et al;* Case No. 3:07-cv-3273(USDC NJ) filed on July 16, 2007.

2554887v1

4.    Transfer of the potential tag-along actions to the District of Minnesota for consolidated and coordinated pre-trial proceedings is therefore appropriate for the same reasons as set forth in this Panel's Transfer Order.

5.    Copies of the Complaints in these cases are attached hereto for the Panel's convenience.

Respectfully submitted,

Timothy A. Pratt    By Jane G. Bartley
Deborah A. Moeller
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone:  816-474-6550
Facsimile:  816-421-5547
tpratt@shb.com
**Counsel for Defendants Guidant**
**Corporation, Cardiac Pacemakers, Inc. and**
**Guidant Sales Corporation**

2554887v1

**BEFORE THE JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

In re Guidant Corp. Implantable
Defibrillators Products Liability                    MDL No. 1708
Litigation

**PROOF OF SERVICE**

I hereby certify that on July 23, 2007, a copy of the Seventy Fifth Notice of

Potential Tag-Along Actions was served on counsel listed below, via U.S. Mail.

**Counsel for Defendants Guidant**
**Corporation, Cardiac Pacemakers, Inc. and**
**Guidant Sales Corporation**

Charles S. Zimmerman
ZIMMERMAN REED
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402-4123
Phone: 612-341-0400
Fax: 612-341-0844
*Plaintiffs' Lead Counsel*

Richard Arsenault
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court
Alexandria, LA 71301
Phone: 318-487-9874
Fax: 318-561-2591
*Plaintiffs' Lead Counsel*

Elizabeth Cabraser
LIEFF, CABRASER, HEMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Phone: 415-956-1000
Fax: 415-956-1008
*Plaintiffs' Lead Counsel*

- 4 -

2554887v1

Seth R. Lesser
LOCKS LAW FIRM, PLLC
110 East 55th Street
New York, NY 10022
Phone: 212-838-3333
Fax: 212-838-3735
*Plaintiffs' Lead Counsel*

Thomas J. Knight
HUBBARD & KNIGHT
1125 Noble Street
Anniston, Alabama 36202
*Plaintiff's Counsel for Bradley*

Carlos Raul Diez-Arguelles
540 N. Semoran Blvd.
Orlando, FL 32807
Phone: 407-381-4123
*Plaintiff's Counsel for Dumke*

John C. Hamilton
ABRHAMSON, UITERWYK & BARNES
Suite 100
900 W. Platt St.
Tampa, FL 33606
Phone: 813-222-0500
*Plaintiff's Counsel for Kelly*

Seth S. Webb
BROWN & CROUPPEN
720 Olive Street
Suite 1800
St. Louis, MO 63101-2302
Phone: 314-421-0216
*Plaintiff's Counsel for Acton & Alexander*

Jamie Ranah Kendall
PRICE, WAICUKAUSKI & RILEY
301 Massachusetts Ave.
Indianapolis, IN 46204
Phone: 317-633-8787
*Plaintiff's Counsel for Thomas*

- 5 -

Kenneth J. Ignozzi
DYER, GAROFALO, MANN & SCHULTZ
131 N. Ludlow Street
Suite 1400
Dayton, OH 45402
Phone: 937-223-8888
*Plaintiff's Counsel for Reed*

Ronald R. Benjamin
LAW OFFICES OF RONALD R. BENJAMIN
126 Riverside Drive
Binghamton, NY 13902-0607
Phone: 607-772-1442
*Plaintiff's Counsel for Dodgson*

Bruce Heller Nagel
NAGEL, RICE, LLP
103 Esenhower Parkway
Roseland, NJ 07068
Phone: 973-618-0400
*Plaintiff's Counsel for Fine*

2554887v1

FILED

2006 Jan-24 PM 04:06
U.S. DISTRICT COURT
U.S. DISTRICT COURT N.D. OF ALABAMA
EASTERN DISTRICT OF LA

FILED

2005 DEC -2 PM 4: 44

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KENNETH R. CASANOVA,<br>**Plaintiff** | * <br> * <br> * <br> * | CIVIL ACTION NO. 05-4044 |
| | | SECTION C |
| **versus** | * <br> * <br> * | JUDGE BERRIGAN |
| | | MAGISTRATE 1 |
| GUIDANT CORPORATION, GUIDANT<br>SALES CORPORATION,<br>**Defendants** | * <br> * <br> * <br> * | MAG. JUDGE SHUSHAN |

* * * * * * * * * * * * * * * * * * *

## O R D E R

Considering the foregoing Motion,

IT IS ORDERED, ADJUDGED AND DECREED that the Unopposed Motion to Stay

Pending Transfer submitted by Guidant Corporation and Guidant Sales Corporation is hereby

GRANTED. This case is stayed pending transfer to the MDL Court in the District of Minnesota.

New Orleans, Louisiana, this ___30th___ day of ___Nov___, 2005.

_____
**UNITED STATES DISTRICT JUDGE**

EXHIBIT

**C**

_____

___ Fee_____
___ Process_____
X Dktd_____
___ CtRmDep_____
___ Doc. No._____

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV 30 AM 12: 01

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **EMMETT R. MESSICK,** | * | **CIVIL ACTION NO. 05-4017** |
| **Plaintiff** | * | |
| | * | **SECTION A** |
| | * | |
| **versus** | * | **JUDGE ZAINEY** |
| | * | |
| | * | **MAGISTRATE 4** |
| **GUIDANT CORPORATION, GUIDANT** | * | |
| **SALES CORPORATION, and CARDIAC** | * | **MAG. JUDGE ROBY** |
| **PACEMAKERS, INC.,** | * | |
| **Defendants** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## O R D E R

Considering the foregoing Motion,

IT IS ORDERED, ADJUDGED AND DECREED that the Unopposed Motion to Stay

Pending Transfer submitted by Guidant Corporation, Guidant Sales Corporation, and Cardiac

Pacemakers, Inc. is hereby GRANTED. This case is stayed pending transfer to the MDL Court *and administratively closed*

in the District of Minnesota.

New Orleans, Louisiana, this 29ᵉ day of November, 2005.

UNITED STATES DISTRICT JUDGE

_____ Fee_____
_____ Process_____
_X_ Dktd_____
_✓_ CtRmDsp_____
_____ Doc. No._____

Case 3:07-cv-00661-MHT-TFM    Document 4-4    Filed 07/24/2007    Page 3 of 18
Case 2:06-cv-00101-RRA    Document 6-5    Filed 01/24/2006    Page 3 of 18
Case 8:05-cv-01456-RAL-MSS    Document 11    Filed 11/04/2005    Page 1 of 2

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ROBERT HABERLE,

    Plaintiff,

v.                                              CASE NO: 8:05-cv-1456-T-26MSS

GUIDANT CORP., et al.,

    Defendants.

_____/

## O R D E R

**UPON DUE CONSIDERATION**, it is **ORDERED AND ADJUDGED** as follows:

    1)    Defendant's Unopposed Motion for Enlargement of Deadlines to Answer or Otherwise Respond and to Participate in Pretrial Proceedings Pending JPML Determination (Dkt. 10) is granted.

    2)    All proceedings in this case are stayed pending a transfer decision by the Judicial Panel on Multidistrict Litigation.

    3)    The Clerk is directed to administratively close this case during the pendency of the stay, subject to the right of any party to file a motion to reopen in the event the JPML denies transfer.

Case 3:07-cv-00661-MHT-TFM     Document 4-4     Filed 07/24/2007     Page 4 of 18
Case 2:06-cv-00101-RRA     Document 6-5     Filed 01/24/2006     Page 4 of 18
Case 8:05-cv-01456-RAL-MSS     Document 11     Filed 11/04/2005     Page 2 of 2

**DONE AND ORDERED** at Tampa, Florida, on November 4, 2005.

            _s/_ _____

            **RICHARD A. LAZZARA**
            **UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

KENNETH J. PEPPER,

      Plaintiff,

vs.                                                         CASE NO. 8:05-CIV-1606-T-17-TGW

GUIDANT CORPORATION, et al.,

      Defendant.

_____/

### ORDER

      This cause is before the Court on the defendants' unopposed motion for extension of
time to file answer or otherwise plead and to participate in pretrial proceedings pending JPML
determination (Docket No. 11). Accordingly, it is

      **ORDERED** that the motion for extension of time to file answer or otherwise plead
and to participate in pretrial proceedings pending JPML determination (Docket No. 11) be
**granted**. The defendants must answer or otherwise respond to the complaint as follows: a) if
the motion to transfer and consolidate is granted by the JPML, a deadline set by the
transferee court; or (b) if the motion is denied by the JPML, thirty (30) days after such
denial and the deadline by which the parties must participate in any pretrial proceedings –
including, initiation of discovery requests, participation in pretrial disclosures, scheduling or
case management activities in connection with Fed. R. Civ. P. 16 or 26 or Local Rule 3.05
and

CASE NO. 94-1644-CIV-T-17

CASE NO. 8:05-CIV-1606-T-17-TGW

attendance at any meeting, conference or hearing – as follows: (a) if the motion to transfer and consolidate is granted by the JPML, a deadline set by the transferee court; or (b) if the motion is denied by the JPML, no earlier than sixty (60) days after such denial.

    **DONE and ORDERED** in Chambers, in Tampa, Florida, this 4th day of November, 2005.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record

2

**FILED**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2005 NOV -9 I P I: I9

CLERK. US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ROBERT EARL SMITH, as
Personal Representative of the Estate
of BOBBY SMITH, deceased,
    Plaintiff,

v.                                              Case No.: 3:05-cv-728-J-20MCR

GUIDANT CORPORATION,
    Defendant.

_____/

## ORDER

Before the Court is Defendant's Motion for Entry of Extension of Deadlines to Participate in

Pretrial Proceedings Pending JPML Determination (Doc. No. 21, filed October 6, 2005) which the

Court construes as a Motion to Stay Pretrial Proceedings Pending Determination by Judicial Panel

on Multidistrict Litigation. Upon due consideration, the Court finds that a stay furthers the interests

of judicial efficiency and is appropriate in this case. Accordingly, the Defendant's Motion (Doc.

No. 21) is **GRANTED**. The Court cannot, as Defendant requests, grant an undefined and seemingly

unlimited extension in this case pending the Panel's determination. Therefore, this case, including

the Parties' discovery and case management obligations, is hereby **STAYED** for a period of **ninety**

**(90) days**. The Parties are directed to notify the Court of any decision by the Judicial Panel on

Multidistrict Litigation and pretrial deadlines will be established at that time.

**DONE AND ENTERED** at Jacksonville, Florida, this ⅟⅞ day of November, 2005.

HARVEY E. SCHLESINGER
United States District Judge

Copies to:
James B. Murphy, Jr., Esq.
Matthew B. Murphy, Jr., Esq.
Timothy A. Pratt, Esq.

Deborah A. Moeller, Esq.
John K. Sherk, III, Esq.
Robert F. Spohrer, Esq.
Norwood S. Wilner, Esq.

Case 3:07-cv-00661-MHT-TFM     Document 4-4     Filed 07/24/2007     Page 9 of 18
Case 2:06-cv-00101-RRA    Document 6-5    Filed 01/24/2006    Page 9 of 18
Case 5:05-cv-00379-WTH-GRJ   Document 10   Filed 11/04/2005   Page 1 of 2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RICHARD JAMES REBONE,

Plaintiff,

v.                                           Case No. 5:05-cv-379-Oc-10GRJ

GUIDANT CORPORATION; CARDIAC
PACEMAKERS, INC.; GUIDANT SALES
CORPORATION,

Defendants.

_____

## ORDER

Pending before the Court is Defendants' Unopposed Motion For Enlargement Of

Deadlines To Answer Or Otherwise Respond And To Participate In Pretrial Proceedings

Pending JPML Determination. (Doc. 9.)

This is a products liability action regarding a line of cardiac medical devices

manufactured by Cardiac Pacemakers, Inc., a wholly-owned subsidiary of Guidant

Corporation. Defendants represent that in a number of cases pending against them in

federal courts in various districts, plaintiffs have filed motions to transfer and consolidate

their cases in the proceedings entitled *In re: Guidant Corp. Implantable Defibrillators*

*Products Liability Litigation*, MDL Docket No. 1708. On September 23, 2005,

Defendants notified the Judicial Panel of Multidistrict Litigation ("JPML") of this potential

"tag-along action."[1]  The issues related to transfer and consolidation of these cases has

been fully briefed and the JPML held its hearing on the matter on September 29, 2005.

---

[1] See Doc. 9, Exhibit A.

Case 3:07-cv-00661-MHT-TFM    Document 4-4    Filed 07/24/2007    Page 10 of 18
Case 2:06-cv-00101-RRA  Document 6-5    Filed 01/24/2006  Page 10 of 18
Case 5:05-cv-00379-WTH-GRJ   Document 15   Filed 11/04/2005   Page 2 of 2

The Court previously granted Defendants a thirty-day enlargement of time to file a response to Plaintiff's Complaint.[2]  Now, Defendants request that the Court further enlarge their time to file a response to Plaintiff's Complaint and extend the deadline by which the parties must participate in any pretrial proceedings (i.e. discovery, pretrial disclosures, scheduling or case management activities). Defendants represent that Plaintiff has no objection to this motion.

Under these circumstances, a stay is appropriate.  This case is in the very early stages of litigation.  Plaintiff filed his Complaint (Doc. 1) on August 30, 2005.  It does not make sense for this Court and the parties to invest their time and resources in this case, if it is ultimately going to be transferred by the JPML.

Accordingly, Defendants' Unopposed Motion For Enlargement Of Deadlines To Answer Or Otherwise Respond And To Participate In Pretrial Proceedings Pending JPML Determination (Doc. 9) is **GRANTED**.  This action is **STAYED** pending further order of the Court.  However, in order to insure that this action is promptly transferred and to avoid this action remaining inactive in the event the request for transfer is not granted, Defendants shall file a status report with the Court within **60 days** regarding the status of the transfer by the JPML.

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on November 4, 2005.

GARY R. JONES
United States Magistrate Judge

Copies to:
    All Counsel

---

[2] See Doc. 4.

2

# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

CHRISTOPHER J. CIPOLLA,                    )
                                           )
                           Plaintiff,      )
                                           )
v.                                         )        No. 05-0939-CV-W-DW
                                           )
GUIDANT CORPORATION and                    )
GUIDANT SALES CORPORATION,                 )
                                           )
                           Defendants.     )

## ORDER

Pending before the Court is Defendants' motion to extend the deadlines for various pretrial proceedings pending a transfer decision by the Judicial Panel on Multidistrict Litigation ("JPML"). On October 18, 2005, this case was noticed to the JPML as a "tag-along action" pursuant to Rule 7.5(e) of the Rules for the Judicial Panel on Multidistrict Litigation.  Plaintiff has no objection. Accordingly, the Court stays this action pending the JPML transfer decision.[1]

IT IS SO ORDERED.

/s/ DEAN WHIPPLE
Dean Whipple
United States District Court

Date:  November 8, 2005

---

[1] The Court will address extensions to specific pretrial deadlines as necessary if the motion to transfer is denied.  The parties are directed to apprise the Court of the outcome of the JPML determination as appropriate.

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JEROME TERRY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 05-1007-CV-W-SOW |
| | ) | |
| GUIDANT CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants' Unopposed Motion to Postpone All Proceedings In This Court Pending MDL Transfer (Doc. # 4). Defendants move to postpone all deadlines for defendants to answer or otherwise respond to the Complaint, and for the parties to participate in pretrial proceedings, including discovery, pending transfer of this action to MDL. Plaintiff has no objections.

Accordingly, it is hereby

ORDERED that Defendants' Unopposed Motion to Postpone All Proceedings In This Court Pending MDL Transfer (Doc. # 4) is granted. All proceedings in this Court are postponed pending transfer of the above-captioned case to the MDL.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: 12-1-05

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

ANTHONY MICELLI

    VS                             CASE NO. 3:05cv309/MCR/MD

GUIDANT CORPORATION, et al

### REFERRAL AND ORDER

Referred to Judge Rodgers on            OCTOBER 18, 2005
Type of Motion/Pleading: MOTION FOR ENTRY OF EXTENSION OF DEADLINES
PENDING JPML DETERMINATION
Filed by:     DEFENDANTS     on   10/6/05   Document     9
( )  Stipulated/Consented/Joint Pleading
RESPONSES:
_____ on _____ Doc.# _____
_____ on _____ Doc.# _____
                       WILLIAM M. McCOOL, CLERK OF COURT

                       s/L. James
                       Deputy Clerk

### ORDER

      Upon consideration of the foregoing, it is ORDERED this 18th day of
October, 2005, that:

      The requested relief is GRANTED as follows: The case and all further
court proceedings are stayed for a period of sixty (60) days, at the end
of which time defendants shall notify the court in writing of the status
of the JPML's decision on transfer.

                  s/ *M. Casey Rodgers*

                  **M. CASEY RODGERS**
             **UNITED STATES DISTRICT JUDGE**

Entered On Docket: _____ By: _____
Rules 58 & 79(a) FRCP or 32(d)(1) & 55 FRCRP
Copies sent to:_____
_____
_____

Case 3:07-cv-00661-MHT-TFM     Document 4-4     Filed 07/24/2007     Page 14 of 18
Case 2:06-cv-00101-RRA     Document 6-5     Filed 01/24/2006     Page 14 of 18

Case 1:05-cv-00720-UA-RAE     Document 15     Filed 11/22/2005     Page 1 of 2



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

No. 1:05CV00720

FRED M. LYLE AND SPOUSE MARTHA J.   )
LYLE, INDIVIDUALLY AND ON BEHALF OF   )
ALL OTHERS SIMILARLY SITUATED   )
  )
       Plaintiffs,   )
  )
  )
v.   )
  )
GUIDANT CORPORATION AND GUIDANT   )
SALES CORPORATION   )
  )
       Defendants.   )

**ORDER FOR EXTENSION OF
DEADLINES TO ANSWER OR
OTHERWISE RESPOND AND TO
PARTICIPATE IN PRETRIAL
PROCEEDINGS PENDING J.P.M.L.
DETERMINATION**

This matter came on before the undersigned on Defendants' Motion for Entry of

Order for Extension of Deadlines to Answer or Otherwise Respond and to Participate in Pretrial

Proceedings Pending J.P.M.L. Determination. For good cause shown, the Court finds and orders

that the deadline by which Defendants must answer or otherwise respond to Plaintiffs'

Complaint in this action is as follows: (a) if those motions to transfer and consolidate are *granted*

by the J.P.M.L., a deadline set by the transferee court; or (b) if those motions are *denied* by the

J.P.M.L., thirty (30) days after such denial.

Additionally, the Court finds and orders the deadline by which the parties must

participate in any pretrial proceedings -- including initiation of discovery requests, participation

in pretrial disclosures or activities in connection with Fed. R. Civ. P. 16 or 26 or appropriate

Local Rules, and attendance at any meet-and-confer conferences or hearings -- is as follows: (a)

if those motions to transfer and consolidate are *granted* by the J.P.M.L., a deadline set by the

1

Case 3:07-cv-00661-MHT-TFM   Document 4-4   Filed 07/24/2007   Page 15 of 18
Case 2:06-cv-00101-RRA   Document 6-5   Filed 01/24/2006   Page 15 of 18

Case 1:05-cv-00720-UA-RAE   Document 15   Filed 11/22/2005   Page 2 of 2

transferee court; or (b) if those motions are *denied* by the J.P.M.L., no earlier than sixty (60) days after such denial.

AND IT IS SO ORDERED this __22nd__ day of November, 2005.

_Russell A. Eliason_
United States Magistrate Judge Russell A. Eliason

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 05-80851-RYSKAMP-VITUNAC

ERIC HARKONEN and VICKIE HARKONEN

Plaintiffs,

vs.

GUIDANT CORPORATION and GUIDANT
SALES CORPORATION

Defendant.

FILED by _____ D.C.

NOV - 1 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## STIPULATION AND ORDER FOR EXTENSION OF DEADLINES TO ANSWER OR OTHERWISE RESPOND AND TO PARTICIPATE IN PRETRIAL PROCEEDINGS PENDING J.P.M.L. DETERMINATION

IT IS HEREBY STIPULATED AND AGREED by and between Defendants Guidant Corporation and Guidant Sales Corporation (collectively "Defendants") and Plaintiffs that the deadline for Defendants to answer or otherwise respond to Plaintiffs' Complaint, and the deadlines for all parties to participate in pretrial proceedings in this matter, shall be extended pending a transfer decision by the Judicial Panel on Multidistrict Litigation ("J.P.M.L.").

In a number of cases pending against Defendants in federal courts in various states, plaintiffs have filed motions to transfer and to consolidate their cases under 28 U.S.C. § 1407 in the proceedings entitled *In re: Guidant Corp. Implantable Defibrillators Products Liability Litigation*, MDL Docket No. 1708. The J.P.M.L. heard argument on these motions on September 29, 2005.

In the short intervening time between now and a determination by the J.P.M.L. on whether to grant those motions, the time and resources of the Court and of the parties should not

499368v1

Case 3:07-cv-00661-MHT-TFM    Document 4-4    Filed 07/24/2007    Page 17 of 18
Case 2:06-cv-00101-RRA    Document 6-5    Filed 01/24/2006    Page 17 of 18
CASE NO.: 05-80851-RYSKAMP-VITUNAC

be expended in answering or responding to the Complaint or in participating in pretrial proceedings.

Pursuant to this Stipulation and Order, the deadline by which Defendants must answer or otherwise respond to Plaintiffs' Complaint in this action is as follows: (a) if those motions to transfer and consolidate are *granted* by the J.P.M.L., a deadline set by the transferee court; or (b) if those motions are *denied* by the J.P.M.L., thirty (30) days after such denial.

Additionally, pursuant to this Stipulation and Order, the deadline by which the parties must participate in any pretrial proceedings – including initiation of discovery requests, participation in pretrial disclosures or activities in connection with Fed. R. Civ. P. 16 or 26 or Local Rule 16.1, and attendance at any meet-and-confer conferences or hearings – is as follows: (a) if those motions to transfer and consolidate are *granted* by the J.P.M.L., a deadline set by the transferee court; or (b) if those motions are *denied* by the J.P.M.L., no earlier than sixty (60) days after such denial.


Dated:  Palm Beach Gardens, Florida          RICCI-LEOPOLD, P.A.
October ___, 2005


By: _____
Theodore J. Leopold, Esquire
Benjamin Salzillo, Esquire
Attorneys for Plaintiff
2925 PGA Blvd., Suite 200
Palm Beach Gardens, FL 33410
Tel: 561-684-6500
Fax: 561-697-2383


499368v1

CASE NO.: 05-80851-RYSKAMP-VITUNAC

Dated: Miami, Florida
October 1?, 2005

SHOOK, HARDY & BACON L.L.P.

By: *Eileen T. Moss*
Eileen Tilghman Moss, Esquire
Attorneys for Defendants
Guidant Corporation and Guidant Sales
  Corporation
Miami Center, Suite 2400
201 S. Biscayne Boulevard
Miami, Florida 33131-4332
Telephone: (305) 358-5171
Facsimile: (305) 358-7470

SO ORDERED:

KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

11-1-05

499368v1

## Johnson, Andy

| | |
|---|---|
| **From:** | cmecf_ALND@alnd.uscourts.gov |
| **Sent:** | Friday, January 27, 2006 4:07 PM |
| **To:** | ecfAdmin@alnd.uscourts.gov |
| **Subject:** | Activity In Case 2:06-cv-00101-RRA Schuck v. Guidant Corporation et al "Order on Motion to Stay" |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### Northern District of Alabama

Notice of Electronic Filing

The following transaction was received from JTR, entered on 1/27/2006 at 4:07 PM CST and filed on 1/27/2006

| | |
|---|---|
| **Case Name:** | Schuck v. Guidant Corporation et al |
| **Case Number:** | 2:06-cv-101 |
| **Filer:** | |
| **Document Number:** | |

**Docket Text:**
ORDER granting [5] Motion to Stay. All proceedings in this case are STAYED pending transfer of the above captioned case to the MDL Court. Signed by Judge Robert R Armstrong on 01/27/06. (JTR)

The following document(s) are associated with this transaction:

**2:06-cv-101 Notice will be electronically mailed to:**

F M Haston , III    thaston@bradleyarant.com

Andrew B Johnson    ajohnson@bradleyarant.com

Craig L Lowell    cll@wcqp.com

**2:06-cv-101 Notice will be delivered by other means to:**



9/15/2006

## Johnson, Andy

**From:** cmecf_ALND@alnd.uscourts.gov
**Sent:** Friday, June 09, 2006 1:50 PM
**To:** ecfAdmin@alnd.uscourts.gov
**Subject:** Activity in Case 7:06-cv-00977-LSC Christon v. Guidant Corporation et al "Order on Motion to Stay"

\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

### U.S. District Court

### Northern District of Alabama

Notice of Electronic Filing

The following transaction was received from BST, entered on 6/9/2006 at 1:50 PM CDT and filed on 6/9/2006
**Case Name:** Christon v. Guidant Corporation et al
**Case Number:** 7:06-cv-977
**Filer:**
**Document Number:**

**Docket Text:**
ORDER granting [4] Motion to Stay . Signed by Judge L Scott Coogler on 6/9/2006. (BST, )

The following document(s) are associated with this transaction:

**7:06-cv-977 Notice will be electronically mailed to:**

W Lewis Garrison , Jr    wlgarrison@hgdlawfirm.com

Andrew B Johnson    ajohnson@bradleyarant.com

**7:06-cv-977 Notice will be delivered by other means to:**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ERNEST REED, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-cv-00763-WKW |
| | ) | |
| GUIDANT CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Upon consideration of the unopposed Joint Motion to Stay Proceedings Pending Transfer to Multidistrict Litigation (Doc. # 5) filed by the defendants on September 15, 2006, it is ORDERED that the motion is GRANTED. All proceedings in this case are STAYED pending transfer of the case to the MDL Court.

DONE this the 21st day of September, 2006.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ARTHUR T. SIMS and BRENDA M. SIMS,    )
                                       )
        Plaintiffs,                    )
                                       )
v.                                     )    CIVIL ACTION NO.
                                       )    06-0644-BH-C
GUIDANT SALES CORPORATION; et al.,     )
                                       )
        Defendants.                    )

### ORDER

This action is again before the Court on defendants' motion to stay (Doc. 3). Upon

consideration of the motion, plaintiffs opposition (Doc. 9) thereto, defendants' reply

(Doc. 12) and all other pertinent portions of the record, the Court concludes that the

motion to stay is due to be granted for the reasons set forth by the defendants (Doc. 3 and

12). The Court agrees that it is likely that the device at issue in this case, namely a

Vitality DS T125 pacemaker and defibrillator combination unit serial number 113431,

will be included among the devices being addressed in MDL 1708, *In Re Guidant Corp.*

*Implantable Defibrillators Product Liability Litigation,* and that plaintiffs' arguments

ought to be addressed in the first instance by the Judicial Panel on Multidistrict Litigation

(JPML).[1] It is accordingly **ORDERED** that the defendants' motion to stay be and is

---

[1]To the extent plaintiffs challenge the Court's jurisdiction on the grounds that it is inappropriate to aggregate their damage claims, the Court finds plaintiffs' argument to be without merit for the reasons stated by the defendants in their Notice of Removal (Doc. 1-1). To the extent plaintiffs argue that they should be given an opportunity to amend their complaint to prevent such aggregation, such an effort to divest this Court of jurisdiction is clearly impermissible.

hereby **GRANTED** in that this action be and is hereby **STAYED** pending transfer to MDL 1708, **PROVIDED** that the defendants notify the JPML as soon as possible but **no later than November 14, 2006**, that plaintiffs' claims are appropriate for transfer to MDL 1708 and take such steps as are necessary to obtain the transfer.

It is **FURTHER ORDERED** that the defendants **FILE** with this Court on the **second Tuesday of every month commencing December 12, 2006** a status report concerning the proceedings before the JPML and the transfer of this action to MDL 1708, **FAILING IN WHICH THIS COURT SHALL LIFT THE STAY AND PROCEED WITH THE LITIGATION IN THIS COURT.**

**DONE** this 2nd day of November, 2006.

_____s/ W. B. Hand_____
SENIOR DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LUTHER COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **CIVIL ACTION NO. 07-0095-CG-M** |
| | ) | |
| | ) | |
| GUIDANT CORPORATION, <u>et al.</u>, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the court on the parties' joint motion to stay proceedings pending transfer to Multidistrict Litigation ("MDL") (Doc. 6).

Upon due consideration, the parties' motion to stay is **GRANTED**. This action is hereby **STAYED** pending receipt of the MDL Panel's transfer order for inclusion of this action in the Guidant Corp. Implantable Defibrillators Products Liability Litigation, MDL-1708. This stay will remain in effect until the court is notified of the MDL Panel's decision concerning transfer

**DONE and ORDERED** this 22nd day of February, 2007.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **BERNICE BROWNFIELD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No. 2:07cv118-ID** |
| | ) |
| **GUIDANT CORP., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### ORDER

Upon CONSIDERATION of Defendants' joint motion to stay (Doc. No. 6), which is unopposed by Plaintiff, and for good cause shown, it is ORDERED that said motion be and the same is hereby GRANTED and that all proceedings in this case are hereby STAYED pending a decision by the Judicial Panel on Multidistrict Litigation in the District of Minnesota on whether this case should be transferred to that panel pursuant to 28 U.S.C. § 1407.

DONE this 22nd day of February, 2007.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| ERNEST T. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 07-0295-WS-B |
| | ) | |
| GUIDANT CORPORATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

On May 8, 2007, defendants filed a Joint Motion to Stay Proceedings Pending Transfer to Multidistrict Litigation (doc. 11). In support of this request, defendants note that at least 1380 actions from around the United States have already been transferred for consolidated pretrial proceedings to an MDL action styled *In re Guidant Corp. Implantable Defibrillators Products Liability Litigation* (MDL -1708) and pending in the District of Minnesota. Defendants further maintain that on April 27, 2007, they notified the Judicial Panel on Multidistrict Litigation that plaintiff's claims herein are appropriate for transfer to the MDL action as a "tagalong" action, and that transfer is expected to occur shortly.

After review of the Motion and the court file, the undersigned agrees that the imminent transfer of this case by the MDL Panel is likely. The Court further agrees that the interests of judicial economy militate in favor of staying this action pending the MDL Panel's transfer decision. Plaintiff has specifically consented to the request for stay during this time period.

For these reasons, defendants' Motion to Stay (doc. 11) is **granted**, and this action is hereby **stayed** pending a ruling by the MDL Panel as to whether this action is to be transferred to the MDL proceedings in the District of Minnesota.

DONE and ORDERED this 9th day of May, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE