IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **SUE F. BRADLEY**, <br><br> Plaintiff, <br><br> vs. <br><br> **GUIDANT CORPORATION, et al** <br><br> Defendants. | **CIVIL ACTION NO.** <br><br> 3:07 CV 661-MHT |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO STAY ALL PROCEEDINGS IN THIS COURT
<u>PENDING TRANSFER TO MDL 1708</u>**

**I.   INTRODUCTION**

This action is one of more than 1,860 cases pending in federal courts throughout the country filed against Defendants based on cardiac medical devices manufactured by Guidant. Plaintiff filed her Complaint on June 20, 2007 in the Circuit Court of Randolph County, Alabama. The first defendant, Dr. Michael Aikens, was served on June 21, 2007. Defendants timely removed the case to this Court on July 19, 2007.

In June 2005, the Federal Food and Drug Administration classified certain physician advisories about cardiac medical devices manufactured by Guidant as recalls. Since that time, more than 1,860 cases have been filed in

1

or removed to federal courts throughout the country alleging injuries resulting from the implantation of these devices. On November 7, 2005, the Judicial Panel on Multidistrict Litigation ("JPML") created an MDL Court entitled *In Re Guidant Corp. Implantable Defibrillators Products Liability Litigation,* MDL Docket No. 1708 (D. Minn.) (*See* Exhibit A to Motion to Stay), for coordinated and consolidated pretrial proceedings in these cases. Among the primary purposes for consolidation cited by the JPML were to "eliminate duplicative discovery, prevent inconsistent pretrial rulings…and conserve the resources of the parties, their counsel and the judiciary." *Id.* All of these goals would be realized by staying this case pending transfer to the MDL Court.

Currently, there are already more than 1,800 cases that have been transferred to the MDL Court and more cases are in the process of being transferred. Defendants have given notice to the JPML of this action as a potential "tag-along," and the JPML will likely issue a Conditional Transfer Order in the near future regarding this case. *See* Exhibit B to Motion to Stay. Once this case is transferred to the MDL Court, all pretrial issues will be governed by scheduling orders entered by the Honorable Donovan W. Frank, who presides over MDL 1708. For reasons of uniformity and judicial economy, proceedings in this action should be stayed pending transfer to the MDL Court.

## II.   ARGUMENT

The other cases pending throughout the country against Defendants, alleging that certain of Guidant's cardiac medical devices are defective, are potentially similar, both factually and legally, to this case. As such, this case will likely be transferred to the MDL. In the interests of judicial economy, this Court should stay all proceedings in this action pending transfer to the MDL Court.

### A.   FEDERAL COURTS HAVE BROAD DISCRETION TO STAY PROCEEDINGS

Federal courts possess the inherent power to control their dockets by staying proceedings, and such stays are particularly valuable in promoting the purposes of multidistrict litigation, which is designed to promote judicial efficiency and consistency. *See* 28 U.S.C. § 1407(a). A stay of proceedings by this Court would assist the designated MDL Court in achieving its goals of conserving judicial resources and ensuring uniform rulings on pretrial matters, while avoiding duplicative and costly burdens on the litigants.

This Court's authority to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.,* 229 U.S. 248, 254 (1936). A court has broad

discretion to grant a motion to stay pretrial proceedings pending transfer to another court. *See Portnoy v. Zenith Labs,* No. 86-3512, 1987 WL 10236, at *1 (D.D.C. April 21, 1987); *see also Clinton v. Jones*, 520 U.S. 681, 706-707 (1997) (citing *Landis, supra,* 299 U.S. at 254). *See Portnoy v. Zenith Labs,* No. 86-3512, 1987 WL 10236, at *1 (D.D.C. April 21, 1987); *see also Clinton v. Jones*, 520 U.S. 681, 706-707 (1997) (citing *Landis,* 299 U.S. at 254). Other district courts throughout the country have stayed proceedings in similar actions against Defendants pending their transfer to the MDL Court. *See, e.g., Casanova v. Guidant Corp., et al.,* No. 2:05-CV-4044 (E.D. La. Dec. 2, 2005) (Order Granting Stay, Lemelle, J.); *Messick v. Guidant Corp., et al.*, No. 2:05-CV-4017 (E.D. La. Nov. 30, 2005) (Order Granting Stay, Zainey, J.); *Haberle v. Guidant Corp., et al.,* No. 05-1456 (M.D. Fla. Nov. 4, 2005) (Order Granting Stay, Lazzara, J.); *Pepper v. Guidant Corp., et al.,* No. 05-1606 (M.D. Fla. Nov. 4, 2005) (Order Granting Stay, Kovachevich, J.); *Smith v. Guidant Corp.,* No. 05-728 (M.D. Fla. Nov. 8, 2005) (Order Granting Stay, Schlesinger, J.); *Rebone v. Guidant Corp., et al.,* No. 05-379 (M.D. Fla. Nov. 4, 2005) (Order Granting Stay, Jones, J.); *Cipolla v. Guidant Corp., et al.*, No. 4:05-CV-939 (W.D. Mo. Nov. 8, 2005) (Order Granting Stay, Whipple, J.); *Terry v. Guidant Corp., et al.*, No. 05-1007-CV (W.D. Mo. Dec. 1, 2005) (Order Granting Postponement, Wright, J.); *Micelli v. Guidant Corp., et al.,* No. 05-309

(N.D. Fla. Oct. 18, 2005) (Order Granting Extension, Rodgers, J.); *Lyle v. Guidant Corp., et al.*, No. 4:05-CV-00720 (M.D.N.C. Nov. 22, 2005) (Order Granting Extension, Eliason, J.); *Harkonen v. Guidant Corp., et al.,* No. 05-80851 (S.D. Fla. Nov. 1, 2005) (Order Granting Extension, Ryskamp, J.) (collectively attached to Motion to Stay as Exhibit C).

Additionally, judges in various United States District Courts in Alabama have stayed similar proceedings pending transfer to the MDL Court. *See Schuck v. Guidant Corp.*, 2:06-CV-00101-RRA (N.D. Ala., Jan. 27, 2006) (Order Granting Stay, Armstrong, J.); *Christon v. Guidant Corp.*, 7:06-CV-00977-LSC (N.D. Ala., June 9, 2006) (Order Granting Stay, Coogler, J.); *Reed v. Guidant Corp.,* 2:06-cv-00763-WKW (M.D. Ala. Sept. 21, 2006) (Order Granting Stay, Watkins, J.); *Sims v. Guidant Corp.*, 1:06-cv-00644-BH-C (S.D. Ala., Nov. 2. 2006) (Order Granting Stay, Hand, J.); *Cook v. Guidant Corp,* 07-0095-CG-M (S.D. Ala., Feb. 22, 2007) (Order Granting Stay, Grenade, J); *Brownfield v. Guidant Corp.,* 2:07cv-118-ID (M.D. Ala. Feb. 22, 2007) (Order Granting Stay, DeMent, J.); *Williams v. Guidant Corp.*, 1:07-cv-295-WS-B (S.D. Ala., May 9, 2007) (Order Granting Stay, Steele, J.) (collectively attached to Motion to Stay as Exhibit D).

5

### B.   EFFICIENCY AND CONSISTENCY SHOULD GUIDE THE COURT'S DECISION TO STAY

In determining whether a stay is appropriate, courts consider judicial economy and efficiency as well as the risk of "inconsistent pretrial rulings." *Johnson v. AMR Corp.,* Nos. 95-C-7659 – 95-C-7664, 1996 WL 164415, at *3 (N.D. Ill. Apr. 3, 1996) (granting stay and preserving decision on remand motion for MDL transferee court); *see also Rivers v. Walt Disney Co.,* 980 F. Supp. 1358, 1360-1362 (C.D. Cal. 1997) (granting stay even where an MDL Court had not yet been selected in order to conserve judicial resources).  This analysis is often accompanied by a balancing of the relative hardships to each party in the event a stay is granted or denied.  *See Meyers v. Bayer AG,* 143 F. Supp. 2d 1044, 1053 (E.D. Wis. 2001) (where defendant faced the same or similar issues, stay was granted because gains in judicial economy outweighed the burden of delay); *see also American Seafood, Inc. v. Magnolia Processing, Inc.,* Civ. A. Nos. 92-1030, 92-1086, 1992 WL 102762, at *1, 2 (E.D. Pa. May 7, 1992); *Tench*, 1999 WL 1044923, at *2.

Accordingly, courts routinely grant stays where defendants will face substantial harm in the form of duplicative motion practice and discovery in the absence of the stay.  *See Meyers*, 143 F. Supp. 2d at 1053.  This is especially true where, as here, the anticipated delay is short.  *See American Seafood,* 1992 WL 102762, at *2 ("Duplicative motion practice and

6

discovery heavily outweigh the possible prejudice the short time period that the proceedings stayed will cause the plaintiffs."); *see also Tench*, 1999 WL 1044923, at *2 (stay granted where plaintiff risked no prejudice by short time delay). As shown below, these factors all weigh heavily in favor of a stay in this case.

### 1. A Stay Will Conserve the Resources of the Court and Litigants

A stay pending transfer is warranted in this case as a matter of judicial efficiency. Particularly when considered in light of the purposes of multidistrict litigation, a stay is appropriate here to protect both courts and litigants from engaging in costly, duplicative efforts. *See Ivy,* 901 F.2d at 9. A stay here will avoid duplicative motion practice and discovery. Without a stay, motion practice and discovery might commence in this action only to have the case later transferred to the MDL, thereby running the risk of needless duplication of effort.

### 2. A Stay Will Promote Consistency in Pretrial Rulings

Courts routinely grant stays pending transfer to an MDL in order to provide greater consistency in pretrial rulings. *See Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft,* 48 F. Supp. 2d 37, 43 (D.D.C. 1999) (stay granted in order to "eliminate the potential for conflicting pretrial rulings" and to further judicial economy). The volume of these cases alleging similar

7

claims in numerous different jurisdictions makes consistency of pretrial rulings of paramount importance.  Consistency is clearly best achieved by granting a stay pending transfer to the MDL, where all pretrial issues can be decided by one court in a uniform manner.

Since the MDL was formed in November, 2005, Judge Frank has been responsible for the day-to-day management of these cases and has gained experience and knowledge about the issues involved, including the jurisdictional issues.  Judge Frank, because of his experience with the MDL, is an excellent position to make informed and consistent rulings on the remand motions.

### 3. The Balance of Interests Strongly Favors a Stay

A court may weigh the relative benefits and harms to litigants in deciding whether to grant a stay.  *See Portnoy*, 1987 WL 10236, at *1 (D.D.C. April 21, 1987) (in deciding if justice would be furthered by a stay of proceedings, court examined the harm to plaintiff and found that any delay that would result was minimal).  In contrast to the significant burdens imposed on the defendants by exposing them to potentially duplicative and inconsistent pretrial rulings and discovery, the harm, if any, to Plaintiff from a brief stay, would be minimal. *See Rosenfeld v. Hartford Ins. Co.,* Nos. 88 CIV. 2153 (MJL), 88 CIV. 2252 (MJL), 1988 WL 49065, at *2 (S.D.N.Y. May 12, 1988) ("[w]hile they may suffer some initial delay, once the cases

are coordinated and the defendants are able to respond to all the complaints in a coordinated manner, more time may well be saved than was lost"); *Falgoust,* 2000 WL 462919, at *2 (granting stay where moving party demonstrated harm would result if stay was withheld while non-movant failed to show she would be significantly prejudiced).  As noted above, transfer is likely to occur promptly.  Any delay here would be short, and it is likely that in the long run more time and effort will be saved through more efficient consolidated proceedings than would be lost during the period of the stay.

### III.   CONCLUSION

For all these reasons, all proceedings in this matter, including but not limited to any deadline for an answer or other response to the complaint, the period for initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure, and other discovery and pretrial deadlines, should be stayed pending transfer of this matter to MDL 1708.

WHEREFORE, Defendants respectfully request that this Court enter an order staying all proceedings in this Court, including but not limited to, any deadline for an answer or other response to the complaint, the period for

9

initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure, and other discovery and pretrial deadlines pending transfer of the above-captioned case to the MDL Court.

s/ Andrew B. Johnson
One of the Attorneys for Defendants
Guidant Corporation and Guidant
Sales Corporation

OF COUNSEL:

Fred M. Haston, III (HAS012)
Andrew B. Johnson (JOH168)
Bradley Arant Rose & White LLP
1819 Fifth Ave. North
Birmingham, Alabama 35203
(205) 521-8000
(205) 521-8810 (fax)
thaston@bradleyarant.com
ajohnson@bradleyarant.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas J. Knight
Hubbard & Knight
1125 Noble Street
P.O. Box 1850
Anniston, AL 36201

Michael K. Wright
Starnes & Atchison
P.O. Box 598512
Birmingham, Alabama 35259-8512

Steven R. Morris
108 South Main Street
P.O. Box 814
Wedowee, Alabama 36278-0814

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None.

Respectfully submitted,

s/ Andrew B. Johnson

Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
E-mail: ajohnson@bradleyarant.com