**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **SUE F. BRADLEY** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No.: 3:07 CV 661-MHT** |
| | ) | |
| **GUIDANT, CORPORATION,** | ) | |
| **DR. MICHAEL L. AIKENS,** | ) | |
| **M. D., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## RESPONSE TO DEFENDANTS' MOTION TO STAY

NOW COMES the Plaintiff, Sue Bradley, and responds to the Motion to Stay this civil action which was filed on behalf of the Defendants, and Plaintiff shows that this action should not be stayed, but instead, that the Court should consider the Motion to Remand being filed by the Plaintiff today, and after consideration thereof, should remand this civil action to the Circuit Court of Randolph County from which it was improvidently removed.

Defendants admit that there is a lack of complete diversity among the parties and that this Court would have no jurisdiction unless the Defendants can show all of the local Defendants to be fraudulently joined. The Defendants cannot hope to meet that burden. Thus the Defendants focus on having this case stayed,

and transferred to the MDL in Minneapolis, Minnesota.

Examples of how clear it is that the local Defendants are not fraudulently joined are easy to give.  Dr. Aikens, an Alabama resident, is the physician who installed the defective pacemaker.  The normal defense by Guidant, and its associated Defendants, is that the doctor improperly installed and implanted the pacemaker and especially the leads to the pacemaker.  The leads are the wires that take the shocking current from the pacemaker to the appropriate parts of the heart.  Of course if they are not put in just right, problems can occur. Guidant will defend in part by saying that Dr. Aikens did it wrong. In this case, somewhat different from other Guidant cases, Dr. Aikens even had to do a second procedure because of his decisions, cited in the Complaint by the Plaintiff as additional acts of actionable malpractice.  It is absurd to have Guidant claiming that if it lied to the doctor, he should be dropped from all claims, even those that do not depend on the misrepresentations by Guidant and its representatives.

In addition, there are specific allegations of misconduct by Defendant Joe Nappier.  These are recited in more detail below and in the Complaint.  The point is, that the local Defendants are not just thrown in for jurisdictional purposes, they are important Defendants who belong in this case.  Without these Defendants, the Defendant Guidant will be "blaming the empty chair."  Guidant will be able to blame the problems, the very doctor that it now says is very fraudulently joined.

Guidant will be able to say that it never authorized Nappier, even though he was their employee, to make the representations that he did, directly to Mrs. Bradley. Guidant well knows that it should not have removed this case. Guidant doesn't care, because it expects that it can get a "stay" from this Court, have the case transferred off to Minneapolis, and let it linger there for many, many years before anything happens.

Good examples of this are found in Fen-Phen, Vioxx, and Baycol cases. This Court can take judicial notice of many cases removed and sent off to distant MDL courts, where many, many years go by before there is a remand for procedures and trial in this Court. For example, the drug in the Fen Phen case was taken off the market ten years ago this year. Many of the removed cases are still in the MDL in Philadelphia, awaiting remand. Baycol cases were removed years and years ago and sent to an MDL court in Minneapolis, where almost none have yet been remanded for trial to the local courts. Guidant, using the same strategy, and typically the same counsel, as these pharmaceutical companies, can win simply by winning the stay. Even a Removal that is totally without merit such as the present removal, can practically win the case for them, if they get the stay.

The Plaintiff incorporates by reference the Motion to Remand being filed with this Court today. That Motion is due to be granted before Guidant can secure a transfer of this case off to the distant MDL court. Thus, the stay should be

denied, and the Court should remand this case to the Circuit Court of Randolph

County from which it was removed.


/S/ Thomas J. Knight
Attorney for Plaintiff

HUBBARD AND KNIGHT
1125 NOBLE STREET
ANNISTON, ALABAMA 36201
(256) 237-9586
Fax (256) 237-9594

## Certificate of Service

I hereby certify that on August 16, 2007, I electronically filed the foregoing
with the Clerk of Court using the CM/EMF system which will send notification of
such filing to the following:

> Fred M. Haston, III (HAS012)
> Andrew B. Johnson (JOH168)
> Bradley Arant Rose & White LLP
> 1819 Fifth Ave. North
> Birmingham, Alabama 35203
> (205) 521-8000
> (205) 521-8810 (fax)


/S/ Thomas J.  Knight
Attorney for Plaintiffs